# EXHIBIT A

# COMPLAINT
# BROOMFIELD DISTRICT COURT CASE NO. 2023CV30086

| | |
|---|---|
| **DISTRICT COURT, BROOMFIELD COUNTY STATE OF COLORADO**<br><br>**Court Address:**<br>17 Descombes Drive<br>Broomfield, CO 80020 | DATE FILED: April 6, 2023 5:08 PM<br>FILING ID: 3FADF9897002D<br>CASE NUMBER: 2023CV30086 |
| **Plaintiff:** LISA PADILLA<br><br>vs.<br><br>**Defendant:** PROGRESSIVE CORPORATION | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Julian M. Bendinelli (#49155)<br>Albert W. Northrup (#49138)<br>BENDINELLI LAW FIRM, P.C.<br>9035 Wadsworth Pkwy., Suite 4000<br>Westminster, CO 80021<br>Phone Number: 303.940.9900<br>Fax Number:    303.940.9933<br>Email: JMB@CoLawFirm.com; AWN@CoLawFirm.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Lisa Padilla, by and through her attorneys, Bendinelli Law Firm, P.C., for her Complaint and Jury Demand, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Lisa Padilla ("Ms. Padilla"), is a resident of the State of Colorado, with her principal residence located at 13270 Niwot Trail, Broomfield, CO 80020.

2. Upon information and belief, Progressive Corporation ("Progressive") is an insurance company organized and existing under the laws of the State of Ohio. It is licensed and authorized to conduct business and authorized to issue policies of insurance in the State of Colorado.

3. This Court has personal and subject jurisdiction over this action pursuant to C.R.S. § 13-l-124(l)(a), (b) and (d).

4. Venue is appropriate before this Court pursuant to Rule 98(c)(1) of the Colorado Rules of Civil Procedure because Defendant is a nonresident of the State of Colorado and Broomfield County is the county designated in this Complaint.

EXHIBIT A

# GENERAL ALLEGATIONS

### A. The August 2, 2019 Motor Vehicle Collision

5.  Ms. Padilla incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

6.  On August 2, 2019, at approximately 7:32 a.m., Ms. Padilla was driving a 2003 Toyota Highlander eastbound in the number 2 lane on Interstate 270 at or near its intersection with Interstate 76 in Adams County, Colorado.

7.  At that same time, Adryan Ayers (the Tortfeasor") was driving a 2004 Chevrolet Silverado eastbound in the number 2 lane on Interstate 270 at or near its intersection with Interstate 76 in Adams County, Colorado.

8.  As Ms. Padilla was slowing for stopped traffic, the Tortfeasor violently slammed into the rear of Ms. Padilla's vehicle without notice or warning after hitting another vehicle also in the number 2 lane on Interstate 270 at or near its intersection with Interstate 76 in Adams County, Colorado.

9.  Ms. Padilla was not negligent or at fault for the August 2, 2019 motor vehicle collision.

10. At the time of the motor vehicle collision, the Tortfeasor carried $25,000 in bodily insurance coverage with Geico.

11. As a direct and proximate result of the negligence of the Tortfeasor, Ms. Padilla suffered injuries, damages, and losses, including but not limited to injury to her cervical and lumbar spine, hip, pelvic region, and head.

12. As a direct and proximate result of the negligence of the Tortfeasor, Ms. Padilla has suffered and will continue to suffer past and future medical expenses, past and future wage loss, loss of earning potential, loss of enjoyment and quality of life, permanent physical impairment, pain and suffering, mental anguish, and emotional distress.

### B. Progressive's Evaluation of Ms. Padilla's Underinsured Motorist Claim for the August 2, 2019 Loss

13. Ms. Padilla incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

14. At the time of the August 2, 2019 motor vehicle collision, Ms. Padilla was insured under an automobile insurance policy issued by Defendant Progressive, Policy No. 914655226 ("the Policy").

15. The Policy included Uninsured/Underinsured Motorist ("UIM") coverage with limits of $25,000 per person and $50,000 per accident.

EXHIBIT A

16. The Policy was issued to Ms. Padilla's husband, Kelly R. Padilla ("Mr. Padilla") as the "named insured" under the policy.

17. At all relevant times, Ms. Padilla was listed as "covered insured" under the Policy.

18. Prior to the August 2, 2019 collision, Mr. and Mrs. Padilla (collectively "the Padillas") paid premiums for the above-mentioned coverage and the Policy. Progressive accepted the payments with the promise that it would provide the coverage stated in the Policy and in accordance with the requirements of Colorado law.

19. The 2004 Chevrolet Silverado that the Tortfeasor was driving was an "underinsured motor vehicle" under the terms of the Policy because its limit of liability for bodily injury was less than the amount of Ms. Padilla's bodily injury damages.

20. On September 24, 2019, Ms. Padilla, through her attorneys, requested that Progressive open an UIM claim.

21. In the September 24, 2019 letter, Ms. Padilla requested a certified copy of all insurance policies with Progressive which provide UIM benefits available to Ms. Padilla.

22. In the September 24, 2019 letter, Ms. Padilla requested transcribed copies of all recorded statement(s) taken by Progressive from anyone involved in the August 2, 2019 collision.

23. On October 4, 2019, Progressive acknowledged Ms. Padilla's request and opened an UIM claim for damages caused by the August 2, 2019 motor vehicle collision.

24. On October 11, 2019, assigned the claim to an insurance adjuster and provided a certified copy of the Policy which listed three (3) vehicles covered under the Policy – 2003 Toyota Highlander, 2005 Ford Explorer, and 2017 Dodge Journey.

25. In the October 11, 2019 letter, Progressive acknowledged Ms. Padilla's request for transcribed copies of all recorded statements and placed an order for said statements.

26. On October 18, 2019, Progressive provided a transcribed copy of Ms. Padilla's recorded statement, taken on August 5, 2019.

27. On October 30, 2020, Ms. Padilla, through her counsel, advised Progressive that she was still treating for her injuries sustained in the August 2, 2019 collision.

28. On March 2, 2021, Ms. Padilla provided Progressive an update on her treatment including her injuries, treatment, medical records, and medical bills totaling $17.005.93 to date, not including bills for future medical treatment.

29. In the same March 2, 2021 letter, Ms. Padilla advised Progressive that she was still treating and would provide future updates and future medical records and medical bills as she received them.

3

EXHIBIT A

30. On March 4, 2021, Progressive advised Ms. Padilla that her UIM claim had been assigned to a new insurance adjuster.

31. On March 4, 2021, Progressive requested that Ms. Padilla complete an "Affidavit of Insurance" ("Affidavit") in order to identify any other potential household UIM policies.

32. Plaintiff's counsel forwarded the Affidavit to Ms. Padilla for signature on March 4, 2021.

33. On March 4, 2021, Ms. Padilla provided MRI results to Progressive showing moderate to severe right hip injuries.

34. On March 24, 2021, Ms. Padilla requested permission from Progressive to settle the underlying bodily injury claim with Geico for the Tortfeasor's bodily injury policy limits of $25,000.00.

35. On March 24, 2021, Progressive consented to Ms. Padilla's settlement with the Tortfeasor.

36. On March 26, 2021, Ms. Padilla provided Progressive an update on her treatment including her injuries, treatment, medical records, and medical bills totaling $38,526.76 to date, not including bills for future treatment, which at the time was estimated to be an additional $10,000.00 to $15,000.00.

37. In the same March 26, 2021 letter, Ms. Padilla included medical literature on her future treatment including the necessity to repeat treatment.

38. In the same March 26, 2021 letter, Ms. Padilla asked Progressive to settle her UIM claim for the policy limits since her total current and future medical bills would total more than the available coverage between both the Tortfeasor's bodily injury policy and Ms. Padilla's UIM policy.

39. On April 6, 2021, Geico issued payment for the settlement of the underlying bodily injury claim in the amount of the Tortfeasor's bodily injury limits of $25,000.00.

40. On April 15, 2021, Ms. Padilla provided Progressive an update on her treatment including a referral to an orthopedic surgeon to discuss her hip issues, stating that she would likely need hip replacement surgery.

41. In the same April 15, 2021 letter, Ms. Padilla submitted medical bills totaling $45,792.51 to date with an estimated $10,000.00 to $15,000.00 in future medical expenses for Radiofrequency Ablations ("RFs").

42. In the same April 15, 2021 letter, Ms. Padilla again asked Progressive to settle her UIM claim for the policy limits since her total current and future medical bills would exceed the available coverage between both the Tortfeasor's bodily injury policy and Ms. Padilla's UIM policy.

EXHIBIT A

43. On April 15, 2021, Ms. Padilla returned her signed Affidavit to Progressive.

44. On April 21, 2022, Progressive denied UIM benefits for Ms. Padilla, stating that it found that the value of the loss fell within the Tortfeasor's bodily injury coverage limits and moved the claim into inactive status.

45. On April 21, 2022, Ms. Padilla requested a request for evaluation for the denial of UIM benefits.

46. On April 22, 2022, Progressive confirmed that it was denying coverage for the August 2, 2019 collision because the value of the loss fell within the Tortfeasor's bodily injury coverage limits.

47. On March 1, 2023, Ms. Padilla sent additional medical records and medical bills to Progressive and again asked Progressive to tender the UIM policy limits.

48. On March 31, 2023, Progressive again advised that it was not issuing payment of any UIM benefits for the subject claim.

49. To date, Progressive has not paid any UIM benefits to Ms. Padilla for the injuries, damages, and losses she suffered as a result of the August 2, 2019 motor vehicle collision.

**FIRST CLAIM FOR RELIEF**
**(Payment of Underinsured Motorist Benefits)**

50. Ms. Padilla incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

51. The Padillas and Progressive entered into an insurance contract known as the Policy.

52. Ms. Padilla was listed as a covered driver under the Policy.

53. Pursuant to contract, the Padillas paid premiums to Progressive in consideration for insurance coverage provided by Progressive, which included benefits for underinsured motorist ("UIM") coverage.

54. Progressive accepted the payment of premiums for the Policy with the promise that it would provide the coverage stated under each policy and in accordance with the requirements of Colorado law.

55. The Padillas substantially performed their part of the contracts by paying insurance premiums.

56. Ms. Padilla is entitled to UIM benefits under the policy.

5

EXHIBIT A

57. As set forth above, Ms. Padilla was injured in a motor vehicle collision negligently caused by the Tortfeasor.

58. The condition precedent for Ms. Padilla to access and receive payment for her UIM benefits under the contracts was triggered when the Tortfeasor did not possess enough bodily injury coverage to cover Ms. Padilla's economic, noneconomic, and impairment damages and was "underinsured" under the terms of the Policy.

59. Ms. Padilla has complied with all terms and conditions precedent under the Policy and has otherwise fully cooperated with Progressive.

60. Progressive failed to provide all the contracted-for benefits associated with Ms. Padilla's UIM coverages in breach of the contract between the Ms. Padilla and Progressive.

61. Progressive has repeatedly undervalued and discounted the value of Ms. Padilla's claim for UIM benefits in breach of the contract between the Ms. Padilla and Progressive.

62. As a direct and proximate result of Progressive's breach of the insurance contract, Ms. Padilla suffered, and will continue to suffer, general and special damages.

## SECOND CLAIM FOR RELIEF
**(Common Law Bad Faith Breach of Insurance Contract)**

63. Ms. Padilla incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

64. By the actions described above, Progressive breached the contract of insurance and has engaged in a course of conduct to deprive its insured, Ms. Padilla, of the contractual benefits to which she is entitled.

65. Progressive's conduct falls below the standard of care of a reasonably prudent insurer doing business in the State of Colorado and violates the implied covenant of good faith and fair dealing under the Policy.

66. Progressive's unreasonable conduct in relation to Ms. Padilla's UIM claim was committed with knowledge of the fact that its actions were unreasonable and/or in disregard of the fact that its actions were unreasonable.

67. Progressive breached its duty of good faith and fair dealing by its actions, which include without limitation, the following unreasonable acts:

    a. Refusing to pay the reasonable amount on Ms. Padilla's claims following a reasonable investigation based upon all available information;

    b. Engaging in conduct prohibited by C.R.S. §§10-1-101 and 10-3-1104(1)(h);

    c. Depriving Ms. Padilla of the benefits and protections of the contract of insurance;

    d. Failing to conduct a complete investigation of the evidence;

    e. Engaging in a one-side investigation of the evidence;

    f. Improperly acting in preference to its rights and interests at the detriment to its insured;

    g. Not attempting in good faith to effectuate prompt, fair, and equitable settlements in which liability has become reasonably clear;

    h. Compelling Ms. Padilla to institute litigation to recover amounts due under the Policy by offering substantially less that she is owed; and

    i. Other conduct to be discovered during the course of the proceedings.

68. As a direct and proximate result of Progressive' bad faith breach of insurance contract, Ms. Padilla has suffered economic and non-economic damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Benefits Pursuant to C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116)**

69. Ms. Padilla incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

70. C.R.S. § 10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

71. Ms. Padilla is a first-party claimant as defined by C.R.S. § 10-3-1115(1)(b)(I).

72. Progressive is an insurer and has unreasonably delayed and denied Ms. Padilla's first party insurance claim within the meaning of C.R.S. § 10-3-1115.

73. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in a Colorado District Court to recover reasonable attorney fees and court costs, benefits due under the policy and in addition, two times the delayed or denied covered benefits.

74. As described above, Progressive has acted and continues to act unreasonably in denying and delaying payment of Ms. Padilla's claim.

EXHIBIT A

75. Ms. Padilla brings this claim to recover, in addition to the benefits due under the Policy, two times the amount of those benefits, and her reasonable attorney fees and court costs incurred in this action pursuant to C.R.S. § 10-3-1116.

## DEMAND FOR TRIAL BY JURY

76. Ms. Padilla demands trial by jury on all claims set forth herein.

WHEREFORE, Plaintiff, Lisa Padilla, respectfully requests that judgment be entered in her favor and against Defendant in an amount which will fully compensate her for all damages she has sustained to the full extent allowed by law, including but not limited to economic damages, non-economic damages, and damages for permanent physical impairment and disfigurement as provided for under Colorado Law, as well as interest, costs, two times the amount of covered benefits that have been wrongly and unreasonably withheld as statutory penalties under Colorado insurance law, for reasonable attorney fees and costs of suit incurred in bringing this action as permitted under Colorado insurance statutes, for all consequential compensatory damages, economic and non-economic, caused by Defendant's bad faith conduct, and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 6th day of April 2023.

> BENDINELLI LAW FIRM, P.C.
> *This pleading is filed electronically pursuant to C.R.C.P. 121 §1-26. The original signed pleading is in counsel's file.*
>
> By: /s/ *Albert W. Northrup*
> Julian M. Bendinelli (#49155)
> Albert W. Northrup (#49138)
> *Attorneys for Plaintiff*

Plaintiff's Address
13270 Niwot Trail
Broomfield, CO 80020

8

EXHIBIT A